UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUSTIN COLLINS Mr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00528-JPH-MJD |
| | ) | |
| DESIREE Ms., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND
SCREENING AMENDED COMPLAINT**

Austin Collins alleges that he was provided insufficient medical care while he was held at the Marion County Adult Detention Center ("MCADC"). Defendant Wellpath LLC seeks judgment on the pleadings, arguing that all claims against it have been discharged in bankruptcy. Mr. Collins has filed a motion for leave to amend his complaint. For the reasons below, Wellpath's motion is granted, dkt. [75], and the Court proceeds to screen Mr. Collins's amended complaint.

## I.    Motion for Judgment on the Pleadings

**A. Background**

On November 12, 2024, Wellpath filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of Texas, in *In Re: Wellpath Holdings,* Case No. 24-90563

1

("Bankruptcy Case").[1] Under the Bankruptcy Code, the proceedings in this case were stayed pending resolution of the Bankruptcy Case. Dkt. 59.

On April 30, 2025, Wellpath filed its "First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates (with Technical Modifications)" in the bankruptcy case. Bankruptcy Case Dkt. 2376-1 (the "Plan"); dkt. 64-1. Under the Plan, all claims against Wellpath were discharged and holders of claims that were discharged were enjoined from pursuing those claims. Dkt. 64-1 at 132–34. In addition, claims against "related parties," which included Wellpath's employees were released. *Id.* at 81.

The Bankruptcy Court confirmed this plan on May 1, 2025, and the plan became effective on May 9. Bankruptcy Case Dkt. 2596, 2680.

In June 2025, Mr. Collins filed a notice that he wanted "to opt out of the Bankruptcy Claim" and proceed with his claim against Wellpath. Dkt. 81. Wellpath notified Mr. Collins that the deadline to make a claim in the Bankruptcy Case had passed, but Mr. Collins could opt out from third-party releases regarding his claim in this case against former Wellpath employee Desiree Davis. Dkt. 82. The Court directed Mr. Collins to these procedures in its August 11, 2025, order, explaining that the opt out paperwork would have to be filed with the Bankruptcy Court. *See* dkt. 89.

---

[1] The Court may take judicial notice of the Bankruptcy Court's orders, as well as filings in the bankruptcy action, without converting the motion for judgment on the pleadings into one for summary judgment. *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned.").

Wellpath moved for judgment on the pleadings, arguing that all claims against it have been discharged in bankruptcy. Dkt. 75.

## B. Applicable Law

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings if a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims that have been discharged in bankruptcy can be dismissed for failure to state a claim. *See, e.g.*, *Abercrombie v. Jack Cooper Transp. Co., Inc.*, No. 1:19-cv-503, 2020 WL 3841270, at *1 (N.D. Ind. July 8, 2020) ("Clearly, Plaintiff's claims were discharged in the bankruptcy, as further explained below, such that he fails to state a claim upon which any relief may be granted.").

## C. Discussion

Wellpath argues that the claims against it in this case must be dismissed because they were discharged in the bankruptcy proceedings. Dkt. 75; dkt. 76.

Mr. Collins responded that he does not understand the bankruptcy process and wanted his claims against Wellpath to proceed. Dkt. 83.

Wellpath's bankruptcy plan included the release of "all claims," "causes of action," and "suits" existing against it. Dkt. 64-1 at 129, 132–34. When the Bankruptcy Court confirmed the plan, that created an injunction that prevents Mr. Collins from seeking to hold Wellpath liable for actions that occurred before the bankruptcy discharge. *See In re Taylor*, 793 F.3d 814, 819–21 (7th Cir. 2015) (explaining 11 U.S.C. § 524(a)). Wellpath's motion for judgment on the pleadings therefore must be **granted**. *See Griffin v. Jensen*, No. 24-cv-53-JPS, 2025 WL 3771477 at *2 (E.D. Wisc. Dec. 31, 2025) (granting judgment on the pleadings based on Wellpath's bankruptcy discharge); *Abercrombie.*, 2020 WL 3841270 at *1.

## II. Motions for Leave to Amend Complaint and Screening of Amended Complaint

On June 4, 2025, Mr. Collins filed his first motion for leave to file amended complaint. Dkt. 67. On June 9, 2025, Mr. Collins filed his second motion for leave to file amended complaint. Dkt. 70. Mr. Collins subsequently notified the Court that his second motion had been filed in error. Dkt. 102. Accordingly, Mr. Collins's motion for court assistance, dkt. 102, is **granted to the extent** that the Court **denies without prejudice** his second motion to amend, dkt. 70, and **grants** his motion to amend. Dkt. 67. The Court now proceeds to screen the amended complaint attached to Mr. Collins's first motion. Dkt. 67-1.

4

## A. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## B. The Amended Complaint

Mr. Collins names six defendants in his amended complaint: (1) Officer McClellan; (2) Officer Akanbi; (3) Marion County Sheriff's Office; (4) Wellpath Holdings, L.L.C./Wellpath Healthcare Services; (5) Dr. Cumbee, and (6) Desiree Davis. He seeks money damages and injunctive relief. Mr. Collins bases his amended complaint on the following allegations, which are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Collins was booked into the MCADC on November 20, 2023. He was going through withdrawals from opioids and had an active prescription for suboxone. Dkt. 67-1 at 3. Based on this information, Mr. Collins was placed in 1-E, a housing unit for inmates going through withdrawals. *Id.* Each of the next two days, Officers McCellan and Akanbi took Mr. Collins to the Medically Assisted Treatment (MAT) unit, where Nurse Davis gave him suboxone. *Id.* at 4. On the third day, he was moved into the MAT unit, where he continued to receive suboxone. *Id.* On the fourth day Officer McCellan removed Mr. Collins from the MAT after realizing that a different inmate named Collins was supposed to be placed there and the plaintiff was not. *Id.* at 5.

Mr. Collins was moved back to 1-E and then to a different unit, 2-R. He was not provided medication for his withdrawal symptoms. *Id.* at 5–7. On November 25, a nurse gave him medications prescribed to a third inmate named Collins. *Id.* at 7. After Mr. Collins submitted a grievance, a nurse told him that she was told not to give him further medication, and Officer McClellan subjected him to disciplinary action. *Id.* at 7–8. Nurse Davis falsely reported to Dr. Cumbee that Mr. Collins did not indicate any pre-existing substance abuse problems upon intake and later issued instructions to not provide Mr. Collins with medication or medical attention of any kind, resulting in Mr. Collins's failing to receive treatment for his opioid withdrawal. *Id.* at 8.

## C. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

6

First, all claims against Wellpath must be **dismissed** because, as discussed above, Mr. Collins's claims against Wellpath have been discharged by the Bankruptcy Court.

Second, all claims against defendants Akanbi, Marion County Sheriff's Department, and Officer McClellan must be **dismissed** because, after Mr. Collins filed his motion for leave to amend his complaint, he entered into a settlement agreement with these defendants and filed a stipulation of dismissal, which the Court acknowledged on September 29, 2025. *See* dkts. 91, 94, and 95.

Next, Fourteenth Amendment medical care, "class of one" equal protection claims, and state law medical malpractice and negligence claims against Nurse Davis and Dr. Cumbee **will proceed**.

### III. Motion to Appoint Counsel

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). "'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The question of competence "requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655).

The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of that counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013); *see also Mapes v. Indiana*, 932 F.3d 968, 971 (7th Cir. 2019) (acknowledging "the difficulty in accurately evaluating the need for counsel in the early stages of pro se litigation"). That statement from *Kadamovas* is not a "bright-line rule," but in this case, Mr. Collins has not shown he needed counsel to assist him to "investigate and flesh out any claim that may exist." *Mapes*, 932 F.3d at 971-72. His amended complaint is well-written and indicates that Mr. Collins does not have difficulty reading and writing English or conveying information to the Court. At this time, however, before the remaining defendants have had an opportunity to answer or otherwise respond to the amended complaint, the Court cannot

gauge his need for counsel. Accordingly, Mr. Collins's motion to appoint counsel is **denied without prejudice**.

## IV. Other Motions

Mr. Collins's motion to proceed to seek judgment, dkt. [83], is **denied**. As the Court has explained, his claims against Wellpath have been discharged by the Bankruptcy Court and may not continue. His claims against Nurse Davis and Dr. Cumbee **shall proceed** according to the Court's Screening Order in Part IV.

Nurse Davis' motion for summary judgment, dkt. [103], is **denied as moot** because Mr. Collins has been granted leave to amend his complaint. Nurse Davis will now have an opportunity to answer or otherwise respond to the additional claims against her in the amended complaint and refile any dispositive motions when appropriate.

Mr. Collins's motion for extension of time to complete discovery, dkt. 96, is **denied without prejudice**. After defendants answer or otherwise respond to the amended complaint, the Court will issue a scheduling order setting forth various deadlines, including the deadline to complete discovery.

## V. Conclusion

The motion for judgment on the pleadings filed by Wellpath, dkt. [75] is **granted**. The **clerk is directed** to terminate Wellpath as a defendant.

Mr. Collins's motion for leave to file amended complaint, dkt. [67], is **granted**. The **clerk is directed** to add Dr. Cumbee as a defendant, and to change defendant Desiree's name to "Desiree Davis" on the docket. The **clerk is also**

**directed** to docket Mr. Collins's amended complaint, dkt. [67-1], as a new docket entry. The **clerk is further directed** to enclose the Court's Counsel Form with Mr. Collins's copy of this order.

Mr. Collins's second motion for leave to amend complaint, dkt. [70], is **denied without prejudice**. His motion to proceed to seek judgment, dkt. [83], is **denied**. Mr. Collins's motion for extension of time, dkt. [96], and motion to appoint counsel, dkt. [98], are **denied without prejudice**. His motion for court assistance, dkt. [102], is **granted**.

Defendant Davis' motion for summary judgment, dkt. [103], is **denied as moot**.

## VIII. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Dr. Cumbee in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on June 4, 2025, dkt. [67-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 3/13/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

10

Distribution:

AUSTIN COLLINS
215193
Hancock County Jail
398 Malcolm Grass Way
Greenfield, IN 46140

Dr. Cumbee
Marion County Adult Detention Center
675 Justice Way
Indianapolis, IN 46203

All electronically registered counsel